## ELECTROMATIC (PTY) LTD.

### v.

## RAD–O–LITE OF PHILADELPHIA, INC.; Rad–O–Lite, Inc.; Pre-Emption Devices, Inc.; Alert Alarm; Michael J. Manchester Agency; Michael J. Manchester and Martha H. Egly.

### Civ. A. No. 80–3422.

United States District Court,
E. D. Pennsylvania.

May 5, 1981.

Eugene R. Lippman, Philadelphia, Pa., for plaintiff.

Joseph M. Smith, Philadelphia, Pa., for defendants.

MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is plaintiff's motion to compel answers to interrogatories. In this diversity action, plaintiff Electromatic (PTY) Ltd. ("Electromatic") seeks recovery of $41,710.75, allegedly owed by the defendants for the purchase of certain equipment. Defendants are Rad-O-Lite of Philadelphia, Inc. ("Rad-O-Lite/Phila."); Rad-O-Lite, Inc. ("Rad-O-Lite"); Pre-emption Devices, Inc. ("Pre-emption"). Alert Alarm; Michael J. Manchester Agency; Michael J. Manchester; and, Martha H. Egly. Plaintiffs allege that all defendants sell security systems; but defendants deny this, with respect to Rad-O-Lite/Phila., Rad-O-Lite and Pre-emption, and answer that the named defendants sell or sold traffic control devices to municipalities. By counterclaim, defendants Rad-O-Lite/Phila. and Pre-emption allege that Electromatic owes them $66,224 in lost profits caused by Electromatic's breach of contract in failing to deliver required blueprints and specifications with the equipment, without which defendants have been unable to sell the equipment delivered.

The interrogatories presently at issue consist of two groups of questions, and the Court has considered each group separately. For the reasons stated below, the motion to compel answers to these interrogatories will be granted.

I. *The First Group*

The first group consists of 13 questions from Electromatic's first set of interrogatories. The interrogatories seek certain standard financial information of a kind customarily contained in corporate financial statements, as well as information regarding financial transactions among the various defendants, such as intercorporate sales or advances. Plaintiffs assert that such information is relevant to their claim that the various corporate and associational entities should be disregarded and treated as a single entity, and that the various entities

are merely the alter egos of the individual defendants. Defendants, however, argue that Electromatic has not shown any basis for believing that the defendants are not independent entities; to compel discovery of the financial information sought in the absence of such a showing, they contend, would be to authorize an unwarranted fishing expedition. Defendants also object on the ground that disclosure of the requested financial information was denied with respect to one of the defendants in other unrelated litigation still pending; "this defendant does not want to give this financial information to that litigant indirectly when that litigant has been unable to secure it directly." Objections of Defendants to Plaintiff's Interrogatories, at 1–2.

■ The Court might well agree with defendants that a mere allegation that corporations were not operated as independent entities would be insufficient to support discovery of the financial information sought here by Electromatic. In this case, however, Electromatic has made a showing, sufficient to support further discovery, that the various defendants may be so interrelated that their status as independent entities should be disregarded. First, the facts admitted in defendants' answer to Electromatic's complaint suggest the possibility that the defendants may be interrelated. There, defendants admit that Rad-O-Lite/Phila. agreed to purchase equipment from plaintiff in 1977, and that Rad-O-Lite/Phila. paid only a portion of the amount due, leaving a balance of disputed amount. Defendants also admit that in 1978 Pre-emption signed an agreement to purchase equipment from Electromatic *and to pay the balance owed to Electromatic by Rad-O-Lite/Phila.* Although defendants deny that this second agreement ever became binding because of an alleged breach by Electromatic of a condition precedent, defendants do not deny that it was signed. Finally, defendants also admit that in 1979 Alert Alarm paid Electromatic $10,000 on the balance owed Electromatic by Rad-O-Lite/Phila. While there may be other explanations for the willingness of these various organizations to pay each other's debts, it is quite reasonable to infer, for purposes of discovery, that the various organizations may be so operated that their individual entities should be disregarded. In addition to the facts apparent from the pleadings, Electromatic has also shown that Rad-O-Lite/Phila., Pre-emption and Alert Alarm share the same street address and telephone number. *See* Plaintiff's Motion, Exhibits. These facts, collectively, are at least enough to support further discovery on the relationships among the various defendants.

Defendants have also suggested, however, that disclosure should not be compelled because disclosure of the same information was prohibited in another lawsuit between one of the defendants and another litigant. Not only have defendants failed to specify which defendant that is, but defendants have not even informed the Court of the legal basis for the denial of discovery in the other proceeding or why the same reasons obtain here. The Court cannot foreclose discovery simply because of tactical difficulties otherwise proper disclosure may cause defendants in another forum. Since defendants have offered no legal justification for denying discovery, the interrogatories seeking financial information should be answered.

## II. *The Second Group*

The second group of interrogatories objected to consists of three questions from Electromatic's second set of interrogatories. The questions sought the names of customers of Rad-O-Lite/Phila. and Pre-emption, and were filed in response to defendants' counterclaim alleging that those defendants have lost profits as a result of Electromatic's breach of the supply agreements in failing to supply blueprints and specifications which Electromatic allegedly knew were required by customers of Rad-O-Lite/Phila. and Pre-emption. Electromatic argues that the information would permit it to verify the necessity for blueprints and specifications and the amount of lost profits. Rad-O-Lite/Phila. and Pre-emption raise two arguments in opposition. They argue, first,

that it is unnecessary for the Court to permit discovery on this subject since "it is self-evident and therefore a fact of which this Court can take judicial knowledge that traffic control devices are purchased by Governmental entities of some kind—not private persons," and "it is [also] self-evident that Governmental entities require supporting documents for traffic devices." Memorandum in Support of Defendants' Answer to Plaintiff's Motion to Compel Answers to Interrogatories, at 2–3. Defendants also argue that the names of their customers should be kept confidential, and suggest that Electromatic seeks to obtain the names in order to deal with defendants' customers directly.

■ The Court concludes that these interrogatories must also be answered. Since defendants have counterclaimed that Electromatic's breaches have caused defendants to lose sales to some customers, Electromatic is entitled to pursue discovery to determine the truth of defendants' claim that specifications and blueprints are required, as well as the nature of the requirement. The Court cannot take judicial notice of the purported fact that blueprints and specifications are always required in contracts for the sale of traffic control devices to municipalities. Even if the assertion is true, it simply is not "generally known within the territorial jurisdiction of the trial court," nor "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See* Fed.R.Evid. 201(b). Secondly, the Court is unwilling, on this record, to refuse discovery of the names of defendants' customers. Electromatic appears to be merely a manufacturer—while defendants act as middlemen selling in turn to the ultimate consumer, the municipalities. There is no reason to believe at present that Electromatic has any interest in dealing directly with municipalities. In the absence of some such showing, the Court will not foreclose discovery of the names of customers.

III. *Summary*

Defendants have failed to justify their refusal to answer plaintiff's interrogatories.

All of the information sought appears to be relevant within the broad meaning of that term intended in Fed.R.Civ.P. 26. *See generally* 8 C. Wright & A. Miller, *Federal Practice and Procedure* §§ 2007–2009 (1970). Accordingly, plaintiff's motion to compel answers to interrogatories will be granted. An appropriate Order will be entered.